RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _6/9/08_
    /jb

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

PATRINA LOUVIERE            CIVIL DOCKET NO. 08-165

VERSUS            JUDGE RICHARD T. HAIK, SR.

LARRY BLANCHET D/B/A BLANCHET
PROPERTIES OF ACADIANA, LLC A/K/A
BLANCHET'S EXXON        MAGISTRATE C. MICHAEL HILL
************************************************************************

## REASONS FOR JUDGMENT

### A.    Facts

This case involves allegations of hostile work environment sexual harassment at the hands of Joshua Blanchet, Plaintiff's alleged supervisor, at "Blanchet's Exxon."  The Defendant named in the lawsuit is "Larry Blanchet, DBA Blanchet Properties of Acadiana, LLC A/K/A Blanchet's Exxon."  Defendant filed a Motion to Dismiss, based on: (1) insufficiency of citation and service of process (i.e., Court lacks personal jurisdiction over the defendant); (2) failing to state a claim upon which relief may be granted, and; (3) prescription pursuant to *42 United States Code 2000e-5*.

### B.    Defendant's Contentions

Defendant contends that Plaintiff has not secured a valid summons, has not properly served "Larry Blanchet" or "Blanchet's Exxon," and has not secured a valid Waiver of Service from "Blanchet Properties of Acadiana, LLC." Defendant further contends that "Larry

-1-

Blanchet," personally, and/or the trade name of "Blanchet's Exxon" are not the employer in this matter and therefore are not the proper party defendants to be sued. Defendant also alleges that Plaintiff named "Larry Blanchet" as a Defendant in this matter. Even though Plaintiff grouped entities and non-entities together (i.e., "Blanchet's Exxon" and "Blanchet Properties of Acadiana, LLC"), Defendant insists that she really only sued "Larry Blanchet" since the PACER docket sheet only shows Larry Blanchet as a Defendant.

Defendant contends that "Blanchet's Exxon" is a trade name registered to "Blanchet Properties of Acadiana, LLC," a Louisiana Limited Liability Company registered to do and doing business in Louisiana. (Def. Exhibits "A" and "B"). A domestic corporation has the capacity to be sued in its corporate or company name. *La. C.C.P.art. 738*. Thus, Defendant contends that "Blanchet Properties of Acadiana, LLC" was the appropriate legal entity to be named in any legal action, and any attempted service upon "Blanchet's Exxon" is ineffective.

Defendant insists that the Waiver of Service form was signed by the authorized agent for "Blanchet Properties of Acadiana, LLC," Mr. Anthony J. Fontana, Jr., who could sign for that entity only. (Def. Ex. "C"). However, Defendant argues that plaintiff listed the names on the subpoena as, "Larry Blanchet D/B/A Blanchet Properties of Acadiana, LLC A/K/A Blanchet's Exxon." Therefore, Defendant contends that service of anything upon Mr. Larry Blanchet must be made either personally or domiciliary, or, alternatively, a waiver of service must be signed by him, personally. Defendant insists that Mr. Fontana does not reside with Mr. Blanchet, nor was Mr. Fontana served at Mr. Blanchet's residence.

Likewise, Mr. Fontana is not the registered agent for "Blanchet's Exxon," and is not otherwise authorized to accept service of process and/or sign a Waiver of Service on behalf of

"Blanchet's Exxon", according to Defendant. Therefore, service on Mr. Fontana and/or a signed Waiver of Service is ineffective service on both "Larry Blanchet" and "Blanchet's Exxon." *FRCP Rule 4(e), (h); La.C.C.P. arts. 1232, 1234, and 1261*.

Finally, Defendant alleges that the Waiver of Service signed by Mr. Fontana is procedurally defective even as to "Blanchet Properties of Acadiana, LLC," since it is not a named defendant in this matter. Defendant argues that service on and/or obtaining a waiver from a nonparty defendant is without any effect, and any judgment rendered against "Blanchet Properties of Acadiana, LLC," would be absolutely null.

Defendant also argues that "Blanchet's Exxon" is not a Louisiana business entity. In fact, Defendant alleges that it is merely a registered trade name. (Def. Ex. B). A registered trade name is not a legal entity with the capacity to be sued, pursuant to *Federal Rules of Evidence 17(b)*.

Defendant further contends that Larry Blanchet cannot be held individually liable for damages under Title VII. *42 U.S.C. §2000e, et seq*. Defendant insists that sexual harassment and/or discrimination claims under this law apply only to "employers." Larry Blanchet does not fit within the definition of "employer" as defined by *42 USC §2000e(b)*. In fact, Defendant argues that plaintiff's petition acknowledges that "Blanchet Properties of Acadiana, LLC A/K/A Blanchet's Exxon" is the actual employer. (See Complaint: ¶ 4, 10, 18, 19 and 20).

Next, Defendant contends that Plaintiff's claims are prescribed. *42 United States Code § 2000e-5(f)(1)*, provides that, if the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ... shall so notify the person aggrieved *and within ninety days after the giving of such notice* a civil action may be

-3-

brought against the respondent named in the charge." Defendant argues that Mr. Larry Blanchet, defendant herein, was not the respondent named in the charge. Defendant believes that "Blanchet's Exxon" was the "employer" named in the EEOC charge. As discussed above, "Larry Blanchet" is not an "employer" within the meaning of Title VII according to Defendant. Consequentially, the filing of this lawsuit fails to state a claim upon which relief can be granted.

The Defendant argues that the statute of limitations to institute suit has long since passed, as the Right to Sue letter was mailed to the Plaintiff on November 15, 2007. (Court Doc. #1, ¶8). At the latest, plaintiff was required to sue her employer by about February 18, 2008 (taking into account 3-4 days for the mail to arrive to plaintiff's counsel). Finally, Defendant argues that there is no excuse for the proper defendant failing to have been named. Defendant contends that it is clear that "Larry Blanchet" is not plaintiff's employer. Furthermore, "Blanchet's Exxon" is a trade name and, therefore, incapable of being sued. Defendant insists that Larry Blanchet is not plaintiff's employer, as defined by Title VII and the jurisprudence interpreting those statutes. As the Plaintiff failed to file her complaint against her employer timely, and as such, her suit is now prescribed.

## C.    Plaintiffs' Contentions

Plaintiff contends that the entire argument in support of Defendant's Motion to Dismiss is based on the erroneous assertion that Larry Blanchet was named personally in the suit. Plaintiff insists that a careful reading of the Complaint in its entirety reflects that Larry Blanchet was not named "individually" or in his personal capacity. Plaintiff contends that any ambiguity as to that fact, which is at all times denied, was caused by Defendant's failure to participate and cooperate in the EEOC's investigation.

-4-

Plaintiff alleges that on or about November 15, 2007, a Notice of Right-to-Sue and

Conciliation Failure was issued by the EEOC.  Plaintiff insists that she had ninety (90) days to

file suit and was faced with the question of how to properly file suit against her employer,

"Blanchet's Exxon," when the employer refused to make an appearance before the EEOC and

properly designate its identity.  In order to properly designate the Defendant employer, Plaintiff

claims that she had to rely on the following facts which she learned in connection with her

employment at Blanchet's Exxon:

> (1) Larry Blanchet owned "Blanchet's Exxon" through one or possibly more
> corporations;
> (2) "Blanchet's Exxon" consisted of at least three businesses, including a sandwich shop,
> convenience store, and gas station which may have represented more than one
> corporation;
> (3) Larry Blanchet owned and/or had an interest in other corporations, including Southern
> Structures; and
> (4) By filing a companion suit in state court on certain state-related claims, Complainant
> learned that at least one of the businesses operating under the possible "Blanchet's
> Exxon" umbrella of businesses was "Blanchet Properties of Acadiana, LLC."

Given that Plaintiff knew that Larry Blanchet owned one or possibly more corporation(s)

that operated under the "Blanchet's Exxon" logo and that at least one of the businesses under the

"Blanchet's Exxon" umbrella businesses had been designated "Blanchet Properties of Acadiana,

LLC", Plaintiff contends that undersigned counsel decided to try and cast as wide a net as

possible over "Blanchet's Exxon" by naming "Larry Blanchet D/B/A Blanchet Properties of

Acadiana, LLC A/K/A Blanchet's Exxon."  Plaintiff argues that Larry Blanchet was clearly

identified as a Louisiana corporation in the Complaint. (See Complaint, ¶ 4).  Plaintiff alleges

that Larry Blanchet's corporation was named so that notice would be given to the corporation(s)

who operated under the "Blanchet's Exxon" umbrella of business.  Plaintiff insists that it was

-5-

always her  intention to amend the Complaint once the appropriate Corporate Disclosure

Statement was filed by Defendant.

Plaintiff contends that suit was filed within ninety (90) days of Plaintiff's receipt of

the "Right to Sue" letter from the EEOC, as reflected by the record.. Plaintiff insists that service

of process was timely made on the named corporate defendant through Anthony J. Fontana, Jr.,

the registered agent for service of process.  Plaintiff argues that Defendant admits that "the

Waiver of Service form was signed by the authorized agent for Blanchet Properties of Acadiana,

LLC, Mr. Anthony J. Fontana, Jr."  Defendant admits that Mr. Fontana could sign for that entity.

Plaintiff contends that service was never attempted on Larry Blanchet, individually, because he

was never named in the suit individually or in his personal capacity.

Plaintiff submits that to grant this Motion to Dismiss would simply reward the employer for

failing to appear and participate in the EEOC investigation and resolution of the issues and would

further encourage employers to obstruct the process by hiding their corporate identities.

**D.    Analysis**

In this case, Larry Blanchet is not the proper party to be sued.  Larry Blanchet cannot be

held individually liable for damages under Title VII *(42 U.S.C. §2000e, et seq)* since sexual

harassment and/or discrimination claims under this law apply only to "employers."  Larry

Blanchet, does not fit within the definition of "employer" as defined by *42 USC §2000e(b)*.

Furthermore, "Blanchard's Exxon" is not the proper party to be sued because it is merely a

registered trade name. (Def. Ex. B). A registered trade name is not a legal entity with the capacity

to be sued, pursuant to *FRE 17(b)*.

Therefore, "Blanchet Properties of Acadiana, LLC" is the real Defendant in this suit,

-6-

since it was Plaintiff's actual employer as shown in the Secretary of State's Corporation

Database. (Def. Ex. B). However, Defendants contend that, since the Plaintiffs named the wrong

Defendant (Larry Blanchet) in the wrong capacity (personal capacity), that service was

insufficient (since it was made on Larry Blanchet Properties of Acadiana, LLC rather than Larry

Blanchet). Therefore, this Court takes into consideration the following facts in order to figure

out the identity of the Defendant that Plaintiffs intended to sue:

> (1) Larry Blanchet is not designated as being sued "individually" in the suit caption;
> (2) Larry Blanchet is not identified in Paragraph 4 of the Complaint as "a person of full age of majority domiciled in the Parish of Lafayette and Western District of Louisiana" as would normally occur if he were named personally;
> (3) Larry Blanchet is specifically identified as a corporation in Paragraph 4 of the Complaint;
> (4) Larry Blanchet is not designated as being sued "individually" anywhere in the body of the Complaint;
> (5) The Prayer for Relief does not seek judgment against Larry Blanchet, personally or in his "individual" capacity; and
> (6) In summary, nowhere in the Complaint does it specifically state that Larry Blanchet is being served in his "individual capacity." Rather, the Complaint is specific in Paragraph 4 that Defendant is a corporation doing business as Blanchet Properties of Acadiana, LLC also known as Blanchet's Exxon.

Based on the above facts, it is clear that Larry Blanchet was not sued personally or in his

individual capacity. Given that Larry Blanchet was never named individually or personally in the

suit, the entire premise behind Defendant's Motion to Dismiss collapses. Defendant appears to

admit in its Memorandum that "Blanchet Properties of Acadiana, LLC," is the proper corporate

designation of "Blanchet's Exxon" and that its registered agent for service of process signed the

Waiver of Service. (See Def. Memo, Doc. 3, pg. 3). The record reflects that the Complaint was

filed on February 6, 2008, and that a Waiver of Service was signed by the registered agent for

service of process, Anthony J. Fontana, Jr., on February 11, 2008, and filed into the record on

February 15, 2008. Under Federal Rule of Civil Procedure 4(m), should the Court find that service was improper, the Complainant still has 120 days after the filing of the Complaint to perfect service of the Summons and Complaint, or until June 5, 2008. The Court may extend this time period for good cause shown by Plaintiff. Once the Defendant files a proper Corporate Disclosure Statement, Complainant can simply amend to name the proper party and attempt to re-serve the Complaint.

Therefore, Defendant's Motion to Dismiss is hereby **DENIED**. Defendant is further ordered to file a Corporate Disclosure Statement within ten (10) days so that Plaintiff can amend the Complaint to designate the correct corporate name or names operating under the Blanchet's Exxon logo. If necessary, the Court will extend the period for service at the request of the Plaintiff.

### E.   Conclusion

For the reasons set forth above, it is hereby Ordered, Adjudged and Decreed that Defendant's Motion to Dismiss (Doc. 3) is hereby **DENIED**. It is further ORDERED that Defendant file a Corporate Disclosure Statement within ten (10) days so that Plaintiff can amend the Complaint to designate the correct corporate name or names operating under the Blanchet's Exxon logo.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this the ___ day of ___, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

-8-